GREGORY S. WALSTON, State Bar No. 196776
THE WALSTON LAW GROUP
A Professional Corporation
Four Charlton Court
San Francisco, California 94123
Telephone: (415) 956-9200
Facsimile: (415) 956-9205
Email: gwalston@walstonlaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LABUGUEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF WALNUT CREEK POLICE DEPARTMENT; POLICE OFFICER JOSE HISQUIERDO; DOES ONE through TWENTY, inclusive,<br><br>　　　　　Defendants. | Case No. ----------------<br><br>**PLAINTIFF'S VERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, upon information and belief, alleges the following in this Complaint against Defendants:

**PRELIMINARY STATEMENT**

1.   This in an action arising from civil rights violations. Plaintiff alleges Defendants violated his federal and related state law rights by using excessive force that resulted in serious injuries. Plaintiff seeks compensatory and punitive damages, an award of costs and attorneys' fees and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Because this Complaint alleges

- 1 -

*Plaintiff's Verified Complaint*

violations of the laws of the United States, this Court's subject-matter jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1343.

3. Pursuant to 28 U.S.C. § 1367, because Plaintiff's state law claims alleged herein arise from a common nucleus of operative fact, this Court has supplemental jurisdiction over the state law causes of action alleged herein.

4. The events alleged in this Complaint substantively occurred in the Northern District of California, therefore venue is proper under 28 U.S.C. § 1391(b) and (c).

**PARTIES**

5. Plaintiff JOSEPH LABUGUEN ("Plaintiff"), a natural person and citizen of the United States, resides in and is domiciled in the City of Vallejo, California.

6. Defendant CITY OF WALNUT CREEK is and was, at all relevant times, a municipal entity created and authorized under the laws of the State of California. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF WALNUT CREEK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF WALNUT CREEK was at all times relevant herein the public employer of Defendant Police Officer HISQUIERDO.

7. Defendant HISQUIERDO ("Defendant HISQUIERDO") is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of Defendant CITY OF WALNUT CREEK POLICE DEPARTMENT. At all times relevant herein, Defendant HISQUIERDO was acting under the color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of California and the Walnut City Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of Defendant CITY OF WALNUT CREEK, was acting for and on behalf of, and with the power and authority vested in him by the Defendant CITY OF WALNUT CREEK POLICE DEPARTMENT and the Walnut Creek Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. He is sued individually and in his official capacity.

*Plaintiff's Verified Complaint*

8. Defendants DOES ONE through TWENTY, inclusive, are individuals, government agencies, businesses or other entities that are responsible for the acts and omissions alleged herein. Plaintiff is presently unaware of the identities of Defendants DOES ONE through TWENTY, inclusive, and therefore designates them with fictitious names.

9. All allegations substantively occurred in the Northern District of California, and specifically in the State of California, County of Contra Costa, City of Walnut Creek.

10. Plaintiff has exhausted all administrative remedies in connection with all claims and allegations made herein.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference and realleges all above paragraphs.

12. On Wednesday evening, May 18, 2016, Plaintiff was shopping with his family at Whole Foods Market in Walnut Creek. Due to a previous misunderstanding, Plaintiff was not welcome in the store as a shopper. When the assistant manager, Chris Tiger, saw Plaintiff, he called the police unbeknownst to Plaintiff.

13. When Plaintiff voluntarily exited the store, Defendant HISQUIERDO, was waiting for him outside in the parking lot. Defendant HISQUIERDO asked Plaintiff why he was there and assured Plaintiff that he was not going to arrest him. He instructed Plaintiff to come talk with him and the assistant manager, Mr. Tiger, over by his patrol SUV. Plaintiff complied.

14. Plaintiff began to explain to Mr. Tiger and Defendant HISQUIERDO that approximately three weeks previously, he Plaintiff had had a conversation with the store manager, and was led to believe that Plaintiff would be allowed to shop in the store again.

15. While Plaintiff was facing Mr. Tiger, Defendant HISQUIERDO snuck behind Plaintiff and forcefully grabbed Plaintiff's right arm behind him to handcuff him. Shocked, surprised and alarmed, Plaintiff asked Defendant HISQUIERDO what was happening and in response, Defendant HISQUIERDO violently swung Plaintiff around, so Plaintiff screamed "Help!" At no point was Plaintiff resisting arrest nor posing a physical threat to Defendant HISQUIERDO or anyone else.

*Plaintiff's Verified Complaint*

16. Defendant HISQUIERDO is stocky in stature and weighed at least 60 pounds more than Plaintiff. Defendant jerked and swung Plaintiff by his cuffed hand and dragged him down onto the pavement. Defendant was on top of Plaintiff with all his weight on him while he was handcuffing Plaintiff's other hand behind the back. After Defendant was finished handcuffing Plaintiff, he picked him up to stand him up, then he lifted Plaintiff up by his clothing and handcuffs, and slammed him to the pavement before leaving him on the ground to go somewhere. The force was so violent and excessive that it tore Plaintiff's t-shirt, caused his gold necklace to rip from his neck and his car keys to fly out of his pockets. Plaintiff, who is 130 pounds, was compliant, non-violent and not resisting. Upon returning, Defendant HISQUIERDO pulled him up off the ground and heaved him into the patrol SUV.

17. At this point, another patrol car with a male and female officer had arrived on the scene, but they did nothing to aid Plaintiff nor stop or interfere with how Defendant HISQUIERDO was treating him. Plaintiff's father, as well as other customers and store employees, were also witnesses to this ordeal. Plaintiff's father was able to collect his car keys, but Plaintiff was never returned his gold necklace, which was the last thing his mother had given him before she died from breast cancer.

18. Defendant HISQUIERDO never informed Plaintiff why he was being arrested and detained, nor did he ever Mirandize Plaintiff. Before, and on the ride to the Martinez Detention Center, Defendant HISQUIERDO aggressively questioned Plaintiff about whether he was taking medication and how yelling and screaming was not going to do Plaintiff any good.

19. As a result of Defendant HISQUIERDO'S violent physical treatment, Plaintiff sustained lacerations, welts, contusions and sprains all over his head, shoulders, arms, hands, wrists and knees. His t-shirt was torn around the neck where Defendant HISQUIERDO had manhandled him. His gold necklace was ripped from his neck due to the violent force of Defendant HISQUIERDO slamming Plaintiff's 130-pound, handcuffed body into the ground, causing his head to slam into the pavement.

20. The next morning, after Plaintiff was finally released from the Martinez Detention Center, he went to the hospital to have his injuries treated. He sustained a sprained left and right

hand, fingers and thumbs, a bruised and scraped left knee, lacerations on his left and right shoulders, a contusion on his head around his left ear that caused an occasional sharp ringing in his ear for months afterward, and trauma to his head resulting in sharp, painful headaches that lasted for several weeks afterward. Plaintiff still has scars around his wrists and shoulders from the lacerations and scratches from being handcuffed too tightly and treated very roughly.

21. After Plaintiff had filed a formal complaint against Defendant HISQUIERDO and exhausted all of his administrative remedies, the Walnut Creek District Attorney's office informed Plaintiff that they would not be pursuing any trespassing charges against Plaintiff.

22. As a result of the aforementioned conduct, Plaintiff has suffered and continues to suffer both physical and emotional pain, trauma, humiliation, stress, anxiety, embarrassment, and financial loss due to his medical bills. Plaintiff has also suffered other special and general damages subject to proof.

## FIRST CAUSE OF ACTION
## EXCESSIVE USE OF FORCE
## 42 U.S.C. § 1983

23. Plaintiff incorporates by reference and re-alleges all above paragraphs.

24. The conduct and actions of Defendant HISQUIERDO acting under color of law and slamming Plaintiff's handcuffed body into the ground was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

25. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise injured and damaged.

*Plaintiff's Verified Complaint*

26. On information and belief, Defendant HISQUIERDO'S conduct was intentional, willful, and taken in disregard to the rights of the Plaintiff.

27. Plaintiff requests relief as hereinafter described.

## SECOND CAUSE OF ACTION

## DENIAL OF ADEQUATE MEDICAL CARE

## 42 U.S.C. § 1983

28. Plaintiff incorporates by reference and re-alleges all above paragraphs.

29. Defendants JANE DOE AND JOHN DOE were in the immediate vicinity when Officer HISQUIERDO violently slammed Plaintiff's non-resisting, handcuffed body and head to the ground. Defendants JANE DOE, JOHN DOE AND HISQUIERDO were aware that Plaintiff was injured because they witnessed his injuries and heard Plaintiff verbally expressing his pain as a result of Defendant HISQUIERDO'S violent, excessive and unreasonable use of force, but took no action to provide or request medical care for Plaintiff, disregarding the obvious risk to Plaintiff's health. Additionally, due to the acts and omissions of other DOE Defendants, once Plaintiff was taken into custody, he received no medical attention at all despite the fact that he was visibly injured.

30. The conduct and actions of Defendants acting under the color of the law, in failing to request or obtain medical attention for Plaintiff, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, and was otherwise injured and damaged.

32. On information and belief, Defendants conduct was intentional, willful, and taken in disregard to the rights of the Plaintiff.

33. Plaintiff requests relief as hereinafter described.

*Plaintiff's Verified Complaint*

## THIRD CAUSE OF ACTION

## BATTERY UNDER STATE LAW

34. Plaintiff incorporates by reference and re-alleges all above paragraphs.

35. By the actions and conduct described above, Defendant HISQUIERDO inflicted the torts of battery upon Plaintiff. The acts and conduct of Defendant HISQUIERDO were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the Constitution of the State of California.

36. Defendant HISQUIERDO'S acts constituted a battery upon Plaintiff in that the above described violent bodily contact was intentional, unauthorized, and grossly excessive and offensive in nature.

37. The actions of Defendant HISQUIERDO were intentional, reckless and unwarranted, and without any just cause or provocation, and Defendant HISQUIERDO knew or should have known that his actions were without the consent of Plaintiff.

38. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct herein described, and Plaintiff did not contribute hereto.

39. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise injured and damaged.

40. Plaintiff requests relief as hereinafter described.

## FOURTH CAUSE OF ACTION

## ASSAULT UNDER STATE LAW

41. Plaintiff incorporates by reference and re-alleges all above paragraphs.

42. By the actions and conduct described above, Defendant HISQUIERDO inflicted the torts of battery upon Plaintiff. The acts and conduct of Defendant HISQUIERDO were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the Constitution of the State of California.

*Plaintiff's Verified Complaint*

43.   Defendant HISQUIERDO'S acts constituted an assault upon Plaintiff in that the above described violent bodily contact was intentional, unauthorized, and grossly excessive and offensive in nature.

44.   The actions of Defendant HISQUIERDO were intentional, reckless and unwarranted, and without any just cause or provocation, and Defendant HISQUIERDO knew or should have known that his actions were without the consent of Plaintiff.

45.   The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct herein described, and Plaintiff did not contribute hereto.

46.   As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise injured and damaged.

47.   Plaintiff requests relief as hereinafter described.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.   Plaintiff incorporates by reference and re-alleges all above paragraphs.

49.   Defendant HISQUIERDO'S conduct, in body-slamming a handcuffed and non-resisting Plaintiff to the cement ground, without physical provocation or justification, was extreme, outrageous, and utterly intolerable in civilized community; conduct which exceeded the reasonable bounds of decency.

50.   Defendant HISQUIERDO'S above-described conduct was intended to and did cause severe emotional distress to Plaintiff.

51.   The conduct of Defendant HISQUIERDO was the direct and proximate cause of injury and damages to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of California.

52.   As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

53.   Defendant HISQUIERDO'S conduct was intentional, willful, and taken in disregard to the rights of the Plaintiff.

*Plaintiff's Verified Complaint*

54. Plaintiff requests relief as hereinafter described.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff incorporates by reference and re-alleges all above paragraphs.

56. Defendant HISQUIERDO'S conduct alleged above was careless, negligent and done in disregard to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff.

57. The actions of Defendant HISQUIERDO were the direct and proximate cause of injury and damages to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of California.

58. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

59. Plaintiff requests relief as hereinafter described.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

60. Plaintiff incorporates by reference and re-alleges all above paragraphs.

61. Defendant HISQUIERDO owed a duty to Plaintiff to refrain from violating the law in confronting him.

62. Defendant HISQUIERDO'S breached that duty by acting in the manner alleged above.

63. As a direct and proximate result of Defendant HISQUIERDO's negligent use of excessive force, Plaintiff was subject to great physical and emotional injury, was deprived of his liberty, and was otherwise injured and damaged.

64. Plaintiff requests relief as hereinafter described.

*Plaintiff's Verified Complaint*

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

## (RESPONDEAT SUPERIOR LIABILITY)

65. Plaintiff incorporates by reference and re-alleges all above paragraphs.

66. The conduct of Defendant HISQUIERDO occurred while he was on duty and in uniform, in and during the course and scope of this duties and functions as a Walnut Creek police officer, and while he was acting as an agent, officer servant and employee of Defendant CITY OF WALNUT CREEK. As a result, Defendant CITY OF WALNUT CREEK is liable to Plaintiff pursuant to the doctrine of respondeat superior.

67. Plaintiff requests relief as hereinafter described.

## PUNITIVE DAMAGES

68. Plaintiff incorporates by reference and re-alleges all above paragraphs.

69. On information and belief, Defendant HISQUIERDO's aforementioned conduct was done intentionally, maliciously and in conscious and oppressive disregard for Plaintiff's rights.

70. Defendant HISQUIERDO is therefore liable to Plaintiff for punitive damages subject to proof.

*Plaintiff's Verified Complaint*

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory and special and general damages, subject to proof at trial;
2. For punitive damages in an amount to be determined at trial;
3. For interest as provided by law;
4. For attorneys' fees and litigation costs;
5. For all other relief as deemed just and proper.

Dated: March 27, 2017

THE WALSTON LAW GROUP

By: Gregory S. Walston

Attorneys for Plaintiff

Plaintiff's Verified Complaint

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: March 27, 2017

THE WALSTON LAW GROUP

By: Gregory S. Walston

Attorneys for Plaintiff

Plaintiff's Verified Complaint

## VERIFICATION

I, Joseph Labuguen, declare under penalty of perjury I have personal knowledge of the allegations of this Complaint, except those allegations made under information and belief, and with respect to those allegations, I believe them to be true. Executed March 27, 2017 in Vallejo, California.

Joseph Labuguen